IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BARTLETT ELLIOTT,**

    Plaintiff,

vs.                                                                   Civ. No. 04-1028 ACT/WDS

**FASTBUCKS-LOS LUNAS,**
**a New Mexico corporation,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss, or in the alternative, Motion to Compel Arbitration filed December 23, 2004. Docket No. 12. Defendant is seeking an order dismissing Plaintiff's Complaint or compelling the Plaintiff to arbitrate his claims pursuant to the Federal Arbitration Act, 9. U.S.C. § 1 *et. seq*.

    Plaintiff, proceeding *pro se*, brings this case alleging that Defendant's interest charges and practices are criminal and amount to "loan sharking." Complaint, p. 2. In the *pro se* form Complaint completed by the Plaintiff, the form states that "[j]urisdiction is involved pursuant to 28 U.S.C. §1343(3), 42 U.S.C. § 1983. For the following reasons, the court determines that it lacks subject matter jurisdiction over Plaintiff's case, and dismisses the case.

    Federal courts are courts of limited jurisdiction. The court has a duty to examine whether it has jurisdiction over a case *sua sponte*. *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). "There are two statutory bases for federal subject-matter jurisdiction.: diversity

1

jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331." *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).

Plaintiff's Complaint demonstrates that both parties are citizens of New Mexico. Thus, there is no diversity jurisdiction.

Further, Plaintiff's Complaint fails to establish federal question jurisdiction. Federal question jurisdiction exists where the action arises "under the Constitution, laws, or treaties of the Untied States." 28 U.S.C. § 1331. Here, Plaintiff's claim does not arises under federal law. Plaintiff's claim arises under a contract he signed with the Defendant and is thus a state law claim. To the extent Plaintiff seeks to assert a § 1983 claim, his efforts also fail. To state a claim under 42 U.S.C. § 1983, a plaintiff must assert that a state or local officer acting under color of state law violated a constitutional or other federally protected right. *Montgomery v. City of Ardmore*, 365 F.3d 926 (10th Cir. 2004). Plaintiff does not identify any state actor who deprived him of a constitutional or federal right nor does he identify any action taken under color of state law. Private conduct, "no matter how discriminatory or wrongful," may not be redressed by a §1983 claim. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint be and is hereby dismissed without prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**